IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02024-EWN-BNB

MICHAEL BURKE,

Plaintiff,

v.

JANE FITZGERALD - IRS EMPLOYEE #84-10095,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **The United States' Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6)** [Doc. #4, filed 10/19/2005] (the "Motion to Dismiss").  I respectfully RECOMMEND that the Motion to Dismiss be GRANTED and that this case be DISMISSED in its entirety for lack of subject matter jurisdiction.

### I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*.  I must liberally construe the pleadings of a *pro se* plaintiff.  Haines v. Kerner, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject
> matter jurisdiction take two forms. First, a facial attack on the
> complaint's allegations as to subject matter jurisdiction questions

the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

This case was removed from the District Court for the County of Mesa, Colorado, on October 13, 2005. The Complaint consists of one type-written page. The named defendant is "Jane Fitzgerald - IRS Employee # 84-10095." The plaintiff's claim is simply stated as "[h]arassment, illegal collections for United States Congress."

The Motion to Dismiss was filed on October 19, 2005. The plaintiff was ordered to respond to the Motion on or before December 15, 2005, but no response has been received.

### III.  ANALYSIS

The Motion to Dismiss asserts, and the plaintiff does not dispute, that the Complaint names defendant Fitzgerald in her official capacity as an IRS employee.  "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."  Atkinson v. O'Neil, 867 F.2d 589, 590 (10th Cir. 1989).  Therefore, the United States is the real party in interest in this case.

The United States asserts that the plaintiff's claim against it is barred by sovereign immunity.  It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'"  Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Sovereign immunity is a jurisdictional bar to suit.  Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

 "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed."  United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted).  The plaintiff bears the burden of establishing waiver to sovereign immunity.  Fostvedt v. United States, 978 F.2d 1201, 1203 (10th Cir. 1992).  A matter must be dismissed "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter."  Fed. R. Civ. P. 12(h)(3).

The Complaint fails to set forth any basis for this Court's jurisdiction, and the plaintiff has failed to establish that the United States has waived its sovereign immunity as to his claim.[1]

## IV.  CONCLUSION

I respectfully RECOMMEND that The United States' Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) be GRANTED and that the Complaint be DISMISSED in its entirety for lack of subject matter jurisdiction.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1] I note that to the extent the Complaint can be construed to allege a claim under 26 U.S.C. § 7433 for unauthorized tax collection activities, section 7433 requires that a litigant exhaust administrative remedies through the Internal Revenue Service prior to filing an action.  The plaintiff has not demonstrated that he exhausted his administrative remedies.  In addition, insofar as the Complaint can be construed to allege a claim under the Federal Tort Claims Act ("FTCA"), the FTCA expressly exempts from waiver "[a]ny claim arising in respect of the assessment or collection of any tax."  28 U.S.C. § 2680(c).

Dated June 13, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge